**UNITED STATES of America,**

v.

**Sixto LIZARDO a/k/a Vina Sixto Lizardo, Appellant.**

No. 01–2810.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 9, 2002.

Decided Dec. 11, 2002.

Before BECKER, Chief Judge, ROTH and SMITH Circuit Judges.

OPINION

BECKER, Chief Judge.

This is an appeal by defendant Sixto Lizardo from a judgment in a criminal case following a jury trial in which he was convicted of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and three counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). The gravamen of Lizardo's appeal is that the District Court abused its discretion in not granting his motion for severance. In Lizardo's submission:

because two conspiracies were joined the appellant was prejudiced and such joined far outweighed the economical benefit to the court of a joint trial. The government had identified two separate and distinct drug conspiracies. The evidence involving the first conspiracy was inherently weak. It was based upon testimony that was not supported by any evidence other than the words of Franklin Estevez who was engaged in the conspiracy taking place with the appellant from in or about July 1996 and ending in about January 1998. The second drug conspiracy between Lucas and Matos occurred between March 1998 and June 1999. There was no overlap whatsoever between Estevez, Matos or Lucas during the period of these two conspiracies. The fact that Lizardo may have been their suppliers did not qualify this case for proper joinder considering that the quantities sold by Lizardo to Estevez amounted to far greater quantities (40 kilograms of cocaine) than those sold to Matos and Lucas during the later conspiracy (multi-gram quantities). Thereby creating one strong conspiracy and one weaker conspiracy.

Lizardo argues that he was severely prejudiced by the joinder.

Lizardo faces a considerable hurdle in maintaining this challenge, given the standard of review, which is abuse of discretion. *United States v. Sandini*, 888 F.2d 300, 305 (3d Cir.1989), *cert. denied*, 494 U.S. 1089, 110 S.Ct. 1831, 108 L.Ed.2d 959. Moreover, what Lizardo is requesting here is not a classical severance but that the district court separate out portions of a *single* conspiracy count. In support of such an approach, Lizardo might have argued that there was a "variance" between the indictment and the proof to the jury or district court, *e.g., United States v. Camiel*, 689 F.2d 31, 35 (3d Cir.1982), but he did not. Neither did he request a jury instruction advising the jury that, in order to convict, the government had to prove a single conspiracy as charged in count one of the superseding indictment.

Finally, Lizardo has a heavy burden of establishing prejudice, which he did not meet. The district court may grant severance "only if there is serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993); *accord United States v. Quintero*, 38 F.3d 1317, 1339 (3d Cir.1994). As we read the record, even had the indictment alleged two separate conspiracies, in two separate counts, a motion for severance of those counts would have failed. Both counts would have involved the same defendant, selling large quantities of the same drug (cocaine) in the same area, Allentown/Bethlehem, all within a three-year period. These counts would have alleged conduct of similar character or two or more acts or transactions constituting parts of a common scheme or plan. We have upheld the government

non-severance in more complicated cases. *See, e.g., United States v. Thomas*, 610 F.2d at 1170 (thirty-one counts charging various bank offenses); *United States v. Catena*, 500 F.2d 1319 (3d Cir.1974) (more than 100 counts of Medicare fraud). Moreover, here the type of drug was the same and, in temporal terms, the charge events were ad continuum.

Under these circumstances there was no abuse of discretion and we need not reach the government's forceful argument that the proof at trial in fact established a single conspiracy. *See, e.g., United States v. Pressler*, 256 F.3d 144 (3d Cir.2001).

The judgment of the District Court will be affirmed.